IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 3:18 CR 167 |
| Plaintiff | * | Hon. Walter H. Rice |
| vs. | * | |
| MARIO ALBERTO ARZATE GUTIERREZ, et al. | * | **MOTION FOR DISCOVERY AND INSPECTION** |
| Defendants | * | |

Mario Alberto Arzate Gutierrez, the Defendant herein, by and through counsel, hereby moves this Court (pursuant to the provisions of Rule 16, Federal Rules of Criminal Procedure, and the Fourth, Fifth and Sixth Amendments of the Constitution of the United States) for an Order requiring the government to permit the defendant to inspect and copy any, and all, of the following that may be available to, or within the possession, custody, or control of the government, through its agents or otherwise, the existence of which is known or <u>by the exercise of due diligence</u> should or may become known, to the government:

1. Any written or recorded statements made by the defendant to any agent, servant, or employee of the United States, e.g., the Federal Bureau of Investigation, DEA and State Law Officers, the existence of which is known or by exercise of due diligence may become known to the attorney for the government.

2. Any written summaries of any oral statements made by the defendant to any prosecuting attorney, law enforcement officer, or any person in their employ that can reasonably be related to any possible aspect of this cause.

3. Any prior criminal record of the defendant.

4. Any written or recorded statements made by the defendant's alleged co-conspirators and any and all unindicted co-conspirators.

5. Any written summaries of any oral statements made by any co-defendant or any indicted or unindicted co-conspirator to any prosecuting attorney, law enforcement officer, or any person in the employ, or under the control of the government either directly or indirectly.

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

6. All plea agreements, formal or informal offers and/or grants of immunity, agreements or promises to seek modification of sentence, letters to Bureau of Prison officials, or any other documents reflecting favorable treatment afforded any person who is or may be a witness called by the government in this case, whether before the grand jury or at trial.

7. Any documents, tangible objects, photostats or photographs, which are intended for use by the government, or which may be material to the proper preparation of the defense (including, but not limited to, reports by any police department or other law enforcement agency concerning this case and/or any other related case to which the government is, may be, or should be, privy).

8. Any reports of physical or mental examinations and of scientific tests made in connection with any aspect of this particular case, the name of the tests run and any relevant dates.

9. All physical, tangible or intangible evidence coming into the possession of the government, or any of its attorneys, agents, servants, or employees, or which may come into the possession of the government prior to trial and subsequent to the motion herein, that may be material or favorable to the defendant or which could be put to beneficial use.

10. Copies of any original tapes and copies of the transcriptions for any taped conversations between any defendant, coconspirator, or other person, which the government contends was in furtherance of the charged conspiracy, or which the government may (or even could arguably) contend is admissible in the trial of this cause.

11. Any statements by government witnesses to any agent or agency of the government or to any Grand Jury; as well as, any and all records produced by such government witnesses relative to the defendant or the Grand Jury's investigation of the defendant.

12. All affidavits, if any exist: (a) for search warrants and (b) for the installation of electronic equipment of any type (including, but not limited to, eavesdropping equipment, touch tone decoders and pen registers); as well as (c) copies of all warrants, orders and papers related thereto. (Specifically included in this request is any affidavit for interception of oral communications of this defendant which interception provided any evidence or leads to any evidence that could be offered during the prosecution of this case.)

13. All evidence of whatever type that may be favorable to the defendant and which is material to either guilt or punishment, or which could be put to beneficial use by this defendant.

14. The substance of all oral statements which the prosecution intends to offer in evidence made by this defendant (a) in response to interrogation by any person then known to

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

the defendant to be a law *enforcement* agent, or (b) during a conversation with any person who in fact was a law enforcement agent or informer or who is now a prosecution witness.

15. All written or recorded statements made by any of the defendant's alleged co-conspirators, within the custody or control of the prosecution the existence of which is known, or by the existence of due diligence may become known, to the prosecution.

16. The substance of any and all oral statements relevant to the charges herein that were made by this defendant, or will be attributed to this defendant, to any person.

17. The substance of any oral statements that the government intends to offer in evidence at the trial allegedly made by the defendants or co-defendants or alleged co-conspirators, whether indicted or not. (The government should be required to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other oral statements purportedly made by the defendant or his co-defendants or alleged co-conspirators. This request also calls for the discovery of the time, place and circumstances of such statements.)

18. All books, papers, documents, photographs and tangible objects which are within the possession, custody or control of the prosecution and which are intended for use by the prosecution as evidence in chief at the trial. By this request we seek a prompt and good faith effort on the part of the prosecution to identify separately and distinguish those documents which are actually intended for use as evidence in chief from the voluminous array of documents acquired by the prosecution and grand jury during the lengthy investigation.

19. All books, papers, documents, photographs and tangible objects which are within the possession, custody or control of the prosecution and which are, or could be, material to defense preparation.

20. All books, papers, documents, photographs and tangible objects which were obtained from the defendant or belonged to the defendant.

21. The results or reports of any and all physical and mental examinations or scientific tests or experiments made in connection with this case, which are within the possession, custody or control of the prosecution, the existence of which is known or by the exercise of due diligence may become known to the prosecution and which are material to the preparation of the defense or intended for use by the prosecution as evidence in chief at the trial. Provide specifically: (a) a description of the test; (b) the date it was performed; (c) the name and address of the person performing the test; (d) any reports, notes, or memoranda, photographs, diagrams or the like made in connection with the test; (e) a sample of the material tested.

22. A copy of the prior criminal record, if any, of the defendant, and a statement of the use, if any, the prosecution intends to make of it at trial.

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

23. A list of the names, addresses and qualifications of all experts the prosecution intends to call as witnesses at trial, together with all reports made by such experts, or if no report has been made, the substance of the opinion to which each expert is expected to testify and the factual basis for each such opinion.

24. A statement as to whether or not the prosecution intends to offer "similar acts" evidence against this defendant, or any of those named herein as co-defendants, or co-conspirators, pursuant to Rule 404 (b). If yes, provide a specific factual statement describing the alleged "similar acts".

25. The recorded testimony of any defendant before any Grand Jury which relates either directly or indirectly to the offenses charged herein.

26. The recorded testimony before any Grand Jury of any coconspirator whether indicted or unindicted.

27. The names and current addresses of all persons the prosecution intends to call as witnesses at trial..

28. All written or recorded statements made by each of the witnesses the prosecution intends to call at trial.

29. The names and current addresses of all persons who made any statement to the prosecution or to any other law enforcement agency, or provided the prosecution or any other law enforcement agency, with any information which is in any way relevant to the charges in the indictment, and the contents of any such statements or the nature of any information.

30. The names and current addresses of each and every person who, in any dealings or conversations with (a) the defendant, Mario Alberta Arzate Gutierrezor (b) any alleged co-conspirator, was acting on behalf of any public servant or law enforcement officer.

31. Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecution or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which is exculpatory in nature or favorable to the defendant, or which tends to negate or mitigate, the guilt of this defendant as to the offenses charged, or which would tend to reduce the punishment therefor. Include the names, addresses and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable or exculpatory. Also include all written or recorded statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony such person will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias or motive of the prosecution's witnesses.

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

23. A list of the names, addresses and qualifications of all experts the prosecution intends to call as witnesses at trial, together with all reports made by such experts, or if no report has been made, the substance of the opinion to which each expert is expected to testify and the factual basis for each such opinion.

24. A statement as to whether or not the prosecution intends to offer "similar acts" evidence against this defendant, or any of those named herein as co-defendants, or co-conspirators, pursuant to Rule 404 (b). If yes, provide a specific factual statement describing the alleged "similar acts".

25. The recorded testimony of any defendant before any Grand Jury which relates either directly or indirectly to the offenses charged herein.

26. The recorded testimony before any Grand Jury of any coconspirator whether indicted or unindicted.

27. The names and current addresses of all persons the prosecution intends to call as witnesses at trial..

28. All written or recorded statements made by each of the witnesses the prosecution intends to call at trial.

29. The names and current addresses of all persons who made any statement to the prosecution or to any other law enforcement agency, or provided the prosecution or any other law enforcement agency, with any information which is in any way relevant to the charges in the indictment, and the contents of any such statements or the nature of any information.

30. The names and current addresses of each and every person who, in any dealings or conversations with (a) the defendant, Donyell D. Cox or (b) any alleged co-conspirator, was acting on behalf of any public servant or law enforcement officer.

31. Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecution or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which is exculpatory in nature or favorable to the defendant, or which tends to negate or mitigate, the guilt of this defendant as to the offenses charged, or which would tend to reduce the punishment therefor. Include the names, addresses and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable or exculpatory. Also include all written or recorded statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony such person will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias or motive of the prosecution's witnesses.

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

32. All investigative and arrest reports made in connection with any aspect of this case.

33. With respect to each witness the government intends to call at trial, or any witness, attach copies of all indictments, complaints, or information brought against such person by the federal, or any state or local government, all disciplinary, licensing, tax, customs or immigration proceedings brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken. If the government does not have copies of all indictments, complaints, information, or disciplinary, licensing, tax, customs or immigration proceedings, state the dates and places of arrest, hearings, indictments, and information, the charges brought, and the disposition of those charges or matters so far as it is known to the government.

34. With respect to each witness the government intends to call at trial, or any member of the immediate family of any such witness, set forth a written summary of all charges or tax proceedings which could be brought by the federal, or any state or local government, but which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the government, or for any other reason. Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise.

35. Enumerate all government inducements, promises, rewards, payments and witness fees by amount and date made to and all agreements made with all witnesses the government intends to call at trial. Include all information which may bear on the credibility of any witness and all information bearing on his relationship to any government agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence, or at the instance of the government. This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

36. All deals, understandings, arrangements, assurances and promises between the prosecution or any other law enforcement agency and any prosecution witnesses, including understandings as to guilty pleas to less than an entire indictment, recommendation as to length, nature or concurrency of sentence or as to place of incarceration and all agreements not to indict or prosecute.

37. Any and all actions, promises or efforts -- formal or informal -- on the part of the prosecution, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association or business employing such potential witness or in which the

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

witness is an employee, director, shareholder, trustee, partner member, agent or servant. This request includes, but is not limited to (a) letters to anyone informing the recipient of the witness' cooperation; (b) recommendations concerning federal or state aid or benefits; (c) recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment of a witness; (f) aid or efforts concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

38. All reports relating to any polygraph examinations or the results of any voice stress analysis administered to any prosecution witnesses, Defendant or co-conspirators, indicted or unindicted.

39. All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program.

40. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

41. The name, address and telephone number of each person to whom a photo spread or drawing were shown or who were asked to attempt to identify the defendant, Mario Alberto Arzate Gutierrez. Attach copies of all such photo spreads and drawings. Include a brief summary of the circumstances surrounding any attempt to obtain an in-person identification of this defendant, including the dates, times and places of all such attempts and the names, addresses and telephone numbers of everyone who was present. (This specific request is being made on the basis of the charges made in counts 9 and 10.)

42. A statement as to whether or not immunity was given in connection with the presentation of this indictment to the Grand Jury or in connection with the presentation of any aspect of the proof relating to the charges contained within this indictment, and if so, identify the recipient of the grant of immunity and the terms and conditions thereof.

43. Any information indicating that any potential prosecution witness may, either as a matter of law or as a matter of fact, be considered an accomplice to the crimes charged.

44. Any information to the effect that all or some of the evidence which may be utilized by the prosecution at trial or the fruits of which may be utilized by the prosecution

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

at trial was illegally or improperly obtained or was obtained even partially as a result of the improper acquisition of some other evidence or information.

45. Copies of all search or arrest warrants and supporting affidavits, obtained for the premises, possessions or person of Mario Alberto Arzate Gutierrez, and all those named as co-defendants and/or co-conspirators, copies of any document or tangible object obtained pursuant to any search warrant, arrest or otherwise from the premises, possessions or person of Mario Alberto Arzate Gutierrez or on his alleged co-conspirators.

46. Whether any information was obtained in this case by means of electronic surveillance. If so, disclose:

a. Copies of all recordings intercepted or overheard to which the defendant was a party, or in which he participated, or in which his name was mentioned or at which he was present;

b. Copies of all recordings of any conversations which took place at any place or through any facility owned or leased by the defendant or in which he had a proprietary interest or in which he worked;

c. The original tapes

d. All equipment used in . intercepting, overhearing, recording, or transmitting such conversations;

e. All transcripts of such conversations;

f. The surveillance logs;

g. The eavesdropping warrant, the application therefor, and all documents, information and evidence submitted in support of the application for the eavesdropping warrant;

h. The record, if any, of any proceedings or testimony which took place at the time of the application for the eavesdropping warrant;

i. All records, documents, orders or other data relating to the installation of any conversational intercepting, surveilling or monitoring device;

j. All documents, directives, orders or memoranda relating to any eavesdropping, overhearing or conversational, intercepting or monitoring device that was carried or worn by any person in connection with the subject investigation;

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

k. The names and status and employment relationships of each person engaged in or encharged or connected with the (i) the operation of any electronic or mechanical, eavesdropping, conversational, interception or overhearing device or devices; (ii) the carrying or wearing of any such device; (iii) the recording or taping of any conversation; (iv) the securing, storing, preserving, sealing, and record keeping relating to all such conversational surveillance.

47. All press releases and complete transcripts of press conferences concerning this case which were made by the prosecution.

48. A list of the witnesses the government intends to call at trial, with any changes in the list of witnesses to becommunicated as they are made. With respect to any expert witnesses the government intends to call, the name, address, qualifications, and subject of testimony of such expert, together with a copy of any report prepared by or for him or her, as well as copies of financial, accounting, scientific, technical, or other documents used as backup by said expert.

49. The defendant requests that each of the above be considered to be a continuing request and demand and that the prosecution, after complying with any Order or directive for discovery made or entered herein, be directed *to* promptly notify the defendant's attorneys of any additional documents, transcripts, reports, records, statements, property tapes, physical evidence, identities of witnesses or any other evidence, items or information relevant, pertinent or material to the matters embraced within the four corners of the subject indictment, discovered by the said prosecutor's office in the time prior to the conclusion of this case, which is subject to or covered by the Order or directives of this Court.

Further, if the government does not have any particular item being sought at this time, it is hereby <u>specifically</u> requested, pursuant to Rule 16(C), *Federal Rules of Criminal Procedure,* that upon obtaining any additional material that would have been subject to discovery under this request, the government should be compelled to promptly notify the defendant of the existence of such material and make such matter immediately available for inspection and copying.

To be sure, counsel does not seek by this Motion to obtain a standard reply such as is routinely given by the government. Rather, what is sought is an immediate and meaningful supply of the requested relevant material. Stated another way, what is being sought by this Motion is not a determination that this material is available, but the right *to* obtain a copy of such material *to* which we are entitled. For our part, any response which does not comply with this vein to our request will be taken as a bad faith effort to delay our receipt of information that the law requires be produced.

This Motion is made upon the grounds that show the aforesaid discovery and inspection is required by the defendant in the interest of justice. The information sought is not only reasonably required, it is material to the preparation of the defense of defendant.

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

Further, the discovery and inspection sought by this application will also enable the Court to determine whether any substantial legal and constitutional questions may be raised by the defense. In this sense timely discovery and inspection are necessary in order to protect and implement this defendant's constitutionally protected right to the effective assistance of counsel.

WHEREFORE, defendant respectfully prays as follows:

a. that the Court enter an Order granting all discovery requested in this Motion;

b. that such items of discovery as the prosecution might assert are privileged or otherwise not subject to discovery, be reviewed by this Honorable Court in-camera. And, that any such determination by the Court adverse to the defense be specifically articulated d that the evidence to which this request relates be segregated and preserved in order to facilitate any necessary appellate review;

c. that defendant be allowed to supplement and amend this discovery request as the disclosure of information provides further bases for relief;

d. that defendant be permitted to file such other motions as may become necessary, based on further disclosure of other information not presently available to defendant; and

e. that defendant be granted such other and further relief as the Court deems just and proper.

_____
JEFFREY D. SLYMAN (#0010098)
211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
Attorney for Defendant

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served on Brent G. Tabacchi, United States Attorney's Office, 200 W. Second St., Room 602, Dayton, Ohio, 45402, and all counsel of record by electronic filing this 3rd day of December, 2018.

_____
JEFFREY D. SLYMAN (#0010098)
Attorney for Defendant

The Law Office of
**JEFFREY D. SLYMAN, INC.**
*Attorney at Law*

211 Kenbrook Drive
Suite #5
Vandalia, OH 45377
(937) 454-5544
slymanlaw@gmail.com